**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* [SEALED],<br><br>　　　　Plaintiff,<br><br>　　　　　　– Against –<br><br>[SEALED],<br><br>　　　　Defendant. | Civil Action No _____<br><br>**FALSE CLAIMS ACT**<br>**COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

**FILED IN CAMERA AND UNDER SEAL UNDER**
**31 U.S.C. § 3730(b)(2)**
**DO NOT POST ON ECF**
**DO NOT PUT IN PRESS BOX**

Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, #601
Coraopolis, PA 15108
(412) 436-3443

*Counsel for Plaintiff Relator*

1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ZACHARY HOLTZMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>Wind Point Advisors LLC; Wind Point Partners, L.P./LLC; Nelson Global Products, Inc.; The Kleinfelder Group, Inc.; Gehl Foods, LLC; and Ascensus Specialties LLC,<br><br>Defendants. | Civil Action No _____<br><br>**FALSE CLAIMS ACT COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

*Qui tam* plaintiff and Relator Zachary Holtzman, through his undersigned attorney, and hereby brings this action on behalf of the United States of America, against:

- Wind Point Advisors LLC;

- Wind Point Partners, L.P./LLC;

- Nelson Global Products, Inc.;

- The Kleinfelder Group, Inc.;

- Gehl Foods, LLC; and

- Ascensus Specialties LLC.

The claims asserted in this Complaint are based on Defendant(s) submitting, or causing to be submitted, materially false applications for Paycheck Protection Program ("PPP") loan and related forgiveness despite not qualifying for the loans and/or forgiveness of the loans. Defendants' applications included materially false statements

or material omissions about the existence of affiliated employees, the lack of need for the capital infusion, and the inability to access alternative sources of capital.

The subject PPP loan applications were approved in April of 2020 for a total amount of $28,668,227 and were forgiven for a total amount of $29,005,315 that would not otherwise have been paid but for the false claims described herein. The claims are based on the facts and information set forth below.

## TABLE OF CONTENTS

NATURE OF THE CLAIM ................................................................................................6

PARTIES ........................................................................................................................6

    A.  Relator – Zachary Holtzman ...............................................................6

    B.  Wind Point Partners LP/LLC ...............................................................6

    C.  Wind Point Advisors LLC .....................................................................7

    D.  Nelson Global Products, Inc. ...............................................................8

    E.  The Kleinfelder Group, Inc. ................................................................8

    F.  Gehl Foods, LLC ..................................................................................8

    G.  Ascensus Specialties LLC .....................................................................9

    H.  Non-Party TD Bank, N.A. .....................................................................9

JURISDICTION AND VENUE ........................................................................................10

FACTS .........................................................................................................................10

    I.  Governing Law ...................................................................................10

    A.  The Federal False Claims Act ............................................................10

    B.  The Paycheck Protection Program ...................................................11

        i.  Affiliation Rules .........................................................................13

    II.  Violations of the False Claims Act .....................................................15

    A.  PPP Loan Applications .......................................................................16

        ii.  Nelson Global Products, Inc. ......................................................16

        iii.  The Kleinfelder Group, Inc. .......................................................16

        iv.  Gehl Foods, LLC ........................................................................16

        v.  Ascensus Specialties LLC ............................................................16

    B.  Knowingly False Statements .............................................................17

        i.  Too Many Employees .................................................................17

        ii.  No Financial Need ......................................................................18

    C.  Liability of WPP and Wind Point Advisors ........................................19

CAUSES OF ACTION ...................................................................................................20

## NATURE OF THE CLAIM

1.      Relator sues Defendants to recover treble damages and civil penalties on behalf of the United States of America for Defendants' false applications for a PPP loan and forgiveness which information was submitted in whole or in part to the Small Business Administration ("SBA") by and through Sound Community Bank.

2.      Defendants knew the PPP loan and forgiveness applications did not meet the established criteria set by the SBA to obtain the PPP loan or forgiveness funds.

3.      Defendants engaged in the submission of false claims to the United States in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA").

## PARTIES

### A.      Relator – Zachary Holtzman

4.      Mr. Holtzman is an individual resident and domiciliary of the Commonwealth of Pennsylvania.

### B.      Wind Point Partners LP/LLC

5.      Wind Point Partners ("WPP") is a Delaware registered limited liability company with a principal place of business at 646 N. Michigan Ave, Suite 3700, Chicago, IL 60611.

6.      WPP is registered in Illinois as an out of state limited liability company.

7.      WPP owns, controls, and/or directs the business activities of Nelson Global Products, Inc, The Kleinfelder Group, Inc., Gehl Foods, LLC, and Ascensus Specialties LLC

which each applied for and obtained PPP loan funds and forgiveness to which they were not entitled or eligible.

8. WPP is in turn owned, controlled, and/or directed by Wind Point Advisors LLC.

9. WPP owns many portfolio companies some of which are registered to do business in New Jersey and/or maintain physical locations in New Jersey.

10. For example, Defendant Gehl Foods is registered to do business in New Jersey and maintains a list of 10 distributors which deliver its products in New Jersey.

11. Other WPP portfolio companies conduct business in New Jersey including: STG Logistics has a warehouse in New Jersey; Quantix operates facilities in Bridgewater and Hillsborough; Voyant Beauty has locations in Ridgefield and Homdel, and RailWorks (owned by WPP during the relevant time period) has a location in Sewell.

### C. Wind Point Advisors LLC

12. Wind Point Advisors LLC is a limited liability company organized under the laws of the State of Delaware and shares a principal place of business with WPP at 646 N. Michigan Ave, Suite 3700, Chicago, IL 60611.

13. Wind Point Advisors is the entity that ultimately owns, controls, and/or directs the business activities of the other Defendants named herein.

**D.**   **Nelson Global Products, Inc.**

14.     Nelson Global Products, Inc. is a corporation organized under the laws of the State of Indiana with a principal address of  1560 Williams Drive, Stoughton, WI, 53589.

15.     Nelson Global is owned and controlled by WPP and through WPP, Wind Point Advisors.

16.     Nelson Global took a PPP loan in the amount of $10,000,000 and then forgiveness of $10,129,041 to which it was not entitled.

**E.**   **The Kleinfelder Group, Inc.**

17.     The Kleinfelder Group, Inc. is a corporation organized under the laws of the state of State of California with a principal address of 770 First Avenue, Suite 400 San Diego, CA 92101.

18.     The Kleinfelder Group is owned and controlled by WPP and through WPP, Wind Point Advisors.

19.     The Kleinfelder Group took a PPP loan in the amount of  $10,000,000 and then forgiveness of $10,109,167 to which it was not entitled.

**F.**   **Gehl Foods, LLC**

20.     Gehl Foods, LLC is a limited liability company organized under the laws of the state of Wisconsin with a principal office at N116W15970 Main St P.O. Box 1004 Germantown, WI 53022.

21.     Gehl Foods Ahead LLC is owned and controlled by WPP and through WPP, Wind Point Advisors.

22.     Gehl Foods took a PPP loan in the amount of $7,341,200 and then forgiveness in the amount of $7,424,266 to which it was not entitled.

**G.    Ascensus Specialties LLC**

23.     Ascensus Specialties LLC is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 2821 Northup Way, STE 275, Bellevue, Washington, 98004.

24.     Ascensus Specialties is owned and controlled by WPP and through WPP, Wind Point Advisors.

25.     Ascensus Specialties took a PPP loan in the amount of $1,327,027 and then forgiveness in the amount of $1,342,841 to which it was not entitled.

26.     This loan was issued by TD Bank which is headquartered in New Jersey.

**H.    Non-Party TD Bank, N.A.**

27.     Non-party TD Bank, N.A. is a corporation organized under the laws of the state of Delaware as TD Bank US Holding Company with a principal place of business located in Cherry Hill, New Jersey.

28.     TD Bank processed the Ascensus Specialties PPP application and issued the loan.

## JURISDICTION AND VENUE

29.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345

because this action involves a federal question and the United States is plaintiff. This

Court also has subject matter jurisdiction under 31 U.S.C. § 3732(a).

30.     The Court may exercise personal jurisdiction over Defendants under 31

U.S.C. § 3732(a). The Court has personal jurisdiction over Defendants because, by virtue

of the scheme described herein, they transact business within this District.

31.     Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. §

1391(b) & (c) because Defendants transact business or can be found within this District

and a substantial part of the events establishing the alleged claims arose in this District.

32.     Under 31 U.S.C. § 3730(b)(2), this Complaint was filed in camera and under

seal and shall not be served on Defendants until the Court so orders.

## FACTS

**I.     Governing Law**

    **A.     The Federal False Claims Act**

33.     The FCA imposes liability upon any person who "knowingly presents, or

causes to be presented [to the Government] a false or fraudulent claim for payment or

approval," "knowingly makes, uses, or causes to be made or used, a false record or

statement material to a false or fraudulent claim," or conspires to do so.  31 U.S.C. §

3729(a)(1).

34.     As of the date of filing, any person found to have violated these provisions is liable for a civil penalty of not less than $13,9468 and not more than $27,894 for each such violation, plus three times the damage sustained by the Government.

35.     The FCA imposes liability where conduct is "in reckless disregard of the truth or falsity of the information" and clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b).

36.     The FCA also broadly defines a "claim" to include "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that - ... is made to a contractor, grantee, or other recipient if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest ... " 31 U.S.C. § 3729(b)(2)(A).

37.     The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to sue on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any defendant. The complaint remains under seal while the Government conducts an investigation of the allegations and determines whether to intervene. 31 U.S.C. §3730(b).

**B.      The Paycheck Protection Program**

38.     The Paycheck Protection Program ("PPP") is the United States Government business loan program established in 2020 through the Coronavirus Aid, Relief, and

Economic Security Act ("CARES Act") to help certain businesses, self-employed workers, sole proprietors, certain nonprofit organizations, veterans' organizations, and tribal businesses to continue paying their workers. The program is implemented by the U.S. Small Business Administration ("SBA").

39.     The PPP allowed qualified entities to apply for low-interest private loans to pay for their payroll and certain other operating costs. Under the PPP, the allowable amount of a PPP loan was calculated based on the borrowing entity's average monthly payroll costs multiplied by 2.5.[1]

40.     The PPP loan had to be used to cover payroll costs, rent, interest, and utilities.

41.     The loan may be partially or fully forgiven if the business keeps its employee counts and employee wages stable.

42.     The deadline for entities to apply for a PPP loan was initially June 30, 2020, which was later extended to August 8, 2020.

---

[1] *See* How to Calculate Maximum Loan Amounts – by Business Type, U.S. Small Business Administration, (Jun. 26, 2020) https://www.sba.gov/sites/default/files/2020-06/How-to-Calculate-Loan-Amounts-508_1.pdf (last visited September 7, 2022).

43.     The PPP was reopened on January 11, 2021. The Program ended on May 31, 2021.[2]

44.     The PPP was added under Section 1102 of the CARES Act by amending Section 7(a) of the Small Business Act, 15 U.S.C. § 636(a) *et seq.*, which temporarily permitted the SBA to guarantee 100 percent of the PPP loans.

45.     Section 1106 of the CARES Act, which also amended Section 7(a), further provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

   i.   *Affiliation Rules*

46.     The PPP loan program was designed and intended to benefit small businesses.

47.     For the purposes of first round PPP loans, the relevant statutes and regulations defined small businesses as those entities with 500 or fewer employees.

48.     SBA's existing affiliation rules apply to the PPP loan program's definition of small businesses. In other words, all employees of the entities under the same ownership or control "count" towards the 500-employee limit.

---

[2] *See* Paycheck Protection Program, U.S. SMALL BUSINESS ADMINISTRATION, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program (last visited Dec. 9, 2021).

49.    13 C.F.R. 121.106 (a) sets out how the SBA calculates the number of employees, in pertinent part, as follows:

> (a) In determining a concern's number of employees, SBA counts all individuals employed on a full-time, parttime, or other basis. This includes employees obtained from a temporary employee agency, professional employer organization or leasing concern. SBA will consider the totality of the circumstances, including criteria used by the IRS for Federal income tax purposes, in determining whether individuals are employees of a concern.

50.    The SBA repeatedly clarified that the affiliation rules at 13 C.F.R. § 121.301(f) applied to PPP loans and that for the purposes of counting employees, all foreign and domestic affiliated employees **must** be counted. For example, the SBA's March 12, 2021, FAQs included question 44 on this topic:

> 44. **Question:** How do SBA's affiliation rules at 13 C.F.R. 121.301(f) apply with regard to counting the employees of foreign and U.S. affiliates?
>
> **Answer:** For purposes of the PPP's 500 or fewer employee size standard (or 300 employee size standard for Second Draw PPP Loans and certain entities for First Draw PPP Loans), an applicant **must count all of its employees and the employees of its U.S and foreign affiliates**, absent a waiver of or an exception to the affiliation rules. 13 C.F.R. 121.301(f)(6). Business concerns seeking to qualify for a First Draw PPP Loan as a "small business concern" under section 3 of the Small Business Act (15 U.S.C. 632) on the basis of the employee-based size standard must do the same.

Exhibit 1, March 12, 2021 SBA FAQs (emphasis added).

51.    The applicable affiliation rules appear at 13 C.F.R. § 121.301.

> Concerns and entities are affiliates of each other when one controls or has the power to control the other, **or a third party or parties controls or has the power to control both**. It does not matter whether control is exercised, so long as the power to control exists.

13 C.F.R. § 121.301(f) (emphasis added).

14

For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity.

13 C.F.R. § 121.301(f)(1).

52.     The affiliation rules presented a special problem for certain industries which typically organize themselves as several nominally individual businesses owned or controlled by a single entity.

53.     To address this reality, Congress provided statutory carveouts for certain parts of the hospitality industry and some franchise businesses. *See* 15 U.S.C. § 636(A)(36)(D)(iv).

54.     Importantly, no such carveout exists for any of the Defendants named herein.

55.     The SBA often specifically warned potential borrowers that civil and criminal liability could attach to false applications. *See e.g.,* 85 Fed. Reg. 20811 at 20814 (April 15, 2020).

## II.     <u>Violations of the False Claims Act</u>

56.     Defendants violated the False Claims Act by submitting materially false applications and supporting materials in connection with applications for PPP loans and then forgiveness of those loans.

### A.    <u>PPP Loan Applications</u>

57.    Defendants applied for and obtained a series of PPP loans and then forgiveness of those loans to which they were not entitled.

### ii.    *Nelson Global Products, Inc.*

58.    On or about April 27, 2020, Nelson Global Products was approved for a PPP loan in the amount of $10,000,000.

59.    Nelson Global reported 500 jobs.

60.    Nelson Global applied for and received forgiveness of $10,129,041.

### iii.    *The Kleinfelder Group, Inc.*

61.    On or about April 28, 2020, The Kleinfelder Group was approved for a PPP loan in the amount of $10,000,000.

62.    Kleinfelder reported 500 jobs.

63.    Kleinfelder applied for and received forgiveness of $10,109,167.

### iv.    *Gehl Foods, LLC*

64.    On or about April 27, 2020, Gehl Foods was approved for a PPP loan in the amount of $7,34,100.

65.    Gehl Foods reported 422 jobs.

66.    Gehl Foods applied for and received forgiveness of $7,424,266.

### v.    *Ascensus Specialties LLC*

67.    On or about April 13, 2020, Ascensus Specialties was approved for a PPP loan in the amount of $1,327,027.

68.    Ascensus Specialties reported 68 jobs.

69.    Ascensus Specialties applied for a received forgiveness of $1,342,81.

**B.    <u>Knowingly False Statements</u>**

70.    Each of the above-described PPP loan and forgiveness applications

constitute false claims.

71.    Each of the above-described PPP loan and forgiveness applications are

false because they make, at a minimum, the below false statements:

    a.    The number of jobs reported do not account for the SBA's affiliation rules
         and thereby meaningfully and falsely underreport the number of jobs or
         employees at issue;

    b.    Upon information and belief, the applications falsely attest that each
         company lacks access to other sources of liquidity; and

    c.    Upon information and belief, the applications falsely attest to compliance
         with the PPP program and entitlement to the PPP loan and forgiveness
         funds.

    *i.    <u>Too Many Employees</u>*

72.    In reality, each of the Defendant companies that obtained PPP loans are

affiliated with each other and with WPP and Wind Point Advisors as the word

"affiliation" is defined and used in the relevant SBA regulations.

73.    Counting only the employees listed in the applications listed above,

Defendants have 1,490 employees and none of them can qualify for PPP loan funds or

forgiveness.

74.    In addition, through WPP, each Defendant was affiliated with many thousands of additional employees.

75.    For example, Voyant Beauty and Nonwoven were portfolio companies owned by WPP in 2020 and 2021 and had approximately 3,000 and 1,200 employees respectively.

76.    In addition, on February 4, 2021 (which is before it was granted forgiveness), Nelson Global reported employing 3,000 people, not the 500 it certified as part of its PPP loan application.

77.    Upon information and belief, Nelson Global employed more than 500 people when it applied for PPP funds.

78.    As a result, none of the Defendant Companies that applied for and received PPP and forgiveness monies qualified for PPP loans or forgiveness making each of the applications false at least insofar as each reported or attested to compliance with the PPP loan and forgiveness program rules, regulations, and laws.

### ii.    *No Financial Need*

79.    In addition, WPP and its portfolio companies did not lack access to other sources of liquidity at the time they applied for PPP loans and forgiveness.

80.    Much to the contrary, WPP was busy raising $1.4 billion of new funds.

81.    In 2020, WPP added over $300 million to its assets under management totals.

82.     WPP and each of the Defendants that applied for PPP loan funds acquired other businesses or completed major capital projects in the months after receiving PPP loan monies.

### C.     Liability of WPP and Wind Point Advisors

83.     WPP and Wind Point Advisors are two of the entities through which the private equity company known as Wind Point Partners conducts business.

84.     In forms filed with the SEC, Wind Point Advisors LLC reports itself as the "full legal name" of the business conducted under the name Wind Point Partners.

85.     In any event, WPP and/or Wind Point Advisors own a portfolio of companies which, at the time they each applied for PPP loans and forgiveness, controlling stakes in each of the other named Defendants.

86.     By virtue of their ownership and control, WPP and Wind Point Advisors are responsible and liable for the false PPP loan and forgiveness applications and monies received by the other named Defendants.

**CAUSES OF ACTION**

**COUNT I**
**Violations of the False Claims Act: Presenting or Causing a False Claim**
**(31 U.S.C. § 3729(a)(1)(A))**

87.     The foregoing allegations are repeated and realleged as if fully set forth

herein.

88.     The False Claims Act, 31 U.S.C. § 3729(a)(1)(A), imposes liability upon those

who knowingly present or cause to be presented false claims for payment or approval.

89.     Defendants knowingly and willfully violated the False Claims Act by

presenting, or causing to be presented, false claims for payment or approval.

90.     Specifically, and as alleged in more detail above, Defendants presented, or

caused to be presented, materially false applications for PPP loan funds and then for

forgiveness of the resulting loans.

91.     Defendants certified compliance with applicable PPP laws, rules, and

regulations despite not being compliant.

92.     Defendants similarly certified the existence of facts which were not true.

93.     Defendants knew or should have known (as defined in 31 U.S.C. §

3801(a)(5)) that the facts and certifications to which they attested were not true and that

they made, presented, or submitted, or caused to be made, false or fraudulent claims for

payment to the government.

94.     Each of the applications submitted or caused to be submitted by

Defendants is a separate false and fraudulent claim.

95.     Defendants presented or caused to be presented these claims knowing their falsity, or in deliberate ignorance or reckless disregard that such claims were false.

96.     The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent claims, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

97.     Because of these false or fraudulent claims submitted or caused to be submitted by Defendants, the United States has been damaged in an amount to be determined at trial.

## COUNT II
### Violations of the False Claims Act:
### Making, Using, or Causing to be Used a False Record or Statement
### (31 U.S.C. § 3729(a)(1)(B))

98.     The foregoing allegations are repeated and realleged as if fully set forth herein.

99.     The False Claims Act, 31 U.S.C. § 3729(a)(1)(B), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to a false or fraudulent claim.

100.    Defendants knowingly and willfully violated the False Claims Act by making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

101.    Specifically, for purposes of obtaining or aiding to obtain PPP loans and then forgiveness of those loans, Defendants made or presented, or caused to be made or presented, to the United States false or fraudulent applications and/or records, knowing these materials to be false or fraudulent, or acting with reckless disregard or deliberate ignorance thereof.

102.    Each application or record submitted to the Government in support of Defendants' above-described false claims is a separate false record or statement and separate violation of 31 U.S.C. § 3729(a)(1)(B).

103.    The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent applications and/or records, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

104.    Because of these false or fraudulent statements submitted or caused to be submitted by Defendants, the United States paid the claims, resulting in damages to the United States in an amount to be determined at trial.

**COUNT III**
**Violations of the False Claims Act: Conspiring to Violate the False Claims Act**
**(31 U.S.C. § 3729(a)(1)(C))**
**(All Defendants)**

105.    The foregoing allegations are repeated and realleged as if fully set forth

herein.

106.    The False Claims Act, 31 U.S.C. § 3729(a)(1)(C), imposes liability upon those

who conspire to commit a violation of another sub-section of the False Claims Act.

107.    Defendants knowingly, in reckless disregard, and/or in deliberate

ignorance of the truth conspired between themselves, with their employees and

administrators, and others, to violate the False Claims Act.

108.    Defendants conspired to submit false and fraudulent claims related to

their applications for PPP loan and forgiveness funds and the use of those funds.

109.    Defendants did in fact submit false and fraudulent claims for PPP loan

funds and forgiveness.

110.    As a consequence of their conspiracies, the United States paid money in

connection with the forgiveness of the PPP loan when it would not have but for

Defendants' unlawful conduct.

111.    As a result of this conspiracy, and the resulting false or fraudulent claims

submitted or caused to be submitted by Defendants, the United States paid the claim(s),

resulting in damages to the United States in an amount to be determined at trial.

## COUNT IV
## Violations of the False Claims Act: Obligation to Repay
## (31 U.S.C. § 3729(a)(1)(G))

112. The foregoing allegations are repeated and realleged as if fully set forth herein.

113. The False Claims Act, 31 U.S.C. § 3729(a)(1)(G), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

114. Upon receipt of improperly obtained PPP loan forgiveness funds, Defendants had an obligation to repay and refund to the Government the amounts paid by the government.

115. Defendants knowingly and willfully violated the False Claims Act by failing to so repay or refund the monies received.

116. The United States was unaware of the foregoing circumstances and conduct of Defendants.

117. Had the government been aware of Defendants' knowing false certifications and knowing failure to return overpayments it would have taken steps to recover them.

118.    The United States has been damaged as a result in an amount to be

determined at trial.

**WHEREFORE, Relator, on behalf of himself as well as the United States**

**requests the following relief:**

    a.   A judgment against Defendants, joint and several, in an amount equal to all damages due to the Government, including treble damages, under the FCA;

    b.   A judgment against Defendants, joint and several, for all civil penalties due to the Government for Defendant's violations of the FCA;

    c.   That Relator recover from Defendants, joint and several, all costs of this action, with interest, including the cost to the Government for its expenses related to this action;

    d.   That Relator recover from Defendants, joint and several, all reasonable attorneys' fees in bringing this action;

    e.   That Relator be awarded the maximum amount of the proceeds of this action as allowed under 31 U.S.C. § 3730, and/or any other applicable provision of law;

    f.   That a trial by jury be held on all issues so triable;

    g.   An award of pre- and post-judgment interest; and

    h.   Such other and further relief to Relator and/or the United States of America as this Court may deem just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Under Rule 38 of the Federal Rules of Civil Procedure, Relator hereby requests a

trial by jury.

Dated: June 4, 2024

By: /s/ Darth M. Newman

   Darth M. Newman
   Law Offices of Darth M. Newman LLC
   1140 Thorn Run Rd, # 601
   Coraopolis, PA 15108
   Telephone: 412-436-3443
   Email:  darth@dnewmanlaw.com

   *Counsel for Plaintiff Relator*